IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WILLIAMS HALLFORD, | No. C 10-4488 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| SECRETARY OF STATE HILLARY RODHAM CLINTON, | |
| Defendant. | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, has filed this "Petition for a Writ of Prohibition." He is granted leave to proceed in forma pauperis in a separate order.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.    LEGAL CLAIMS**

Plaintiff seeks a "writ of prohibition" against the Secretary of State to prevent her from enforcing an age requirement in hiring employees for the United Nations. Plaintiff attaches an advertisement for the United Nations examination for "Junior Professional" positions that states the examination is open to persons who are no more than 32 years old.

To begin with, plaintiff does not have standing to challenge the United Nations practice. In order to have standing in federal court, a plaintiff must have suffered "a concrete, particularized injury which is actual or imminent." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff indicates that he will be incarcerated until 2012, and the United Nations examination takes place on December 1, 2010. As a result, he will not be able to take the examination, apply for the post, or even accept a position if he his hired. Moreover, he alleges that as a felon, he would be excluded from employment at the United Nations anyway.

Secondly, the court is not aware of any authority, and plaintiff cites to none, under which the federal courts have jurisdiction to issue a "writ of prohibition." *Compare* Cal. Code

Civ. Proc. §§ 1102 et seq. (providing for issuance of writ of prohibition in California courts). Nor is there any basis for a writ of mandamus. The federal mandamus statutes provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is only available to compel an officer of the United States to perform a duty if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt ; and (3) no other adequate remedy is available. *See Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986) (citations omitted). The final element is clearly not met here because plaintiff clearly has an alternative remedy to challenge the United Nations practice if he does suffer injury from it, namely a civil complaint in federal court alleging discrimination in employment on the basis of age.

## CONCLUSION

For the reasons set out above, this action is **DISMISSED**.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October   28  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\HALLFORD4488.DSM.wpd